[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING MOTION TO DISMISS BASED UPON STANDING
The Court acted on the Motion to Dismiss in August of 1990. The notice to counsel, issued in October of 1990, stated "Motion to Dismiss for lack of subject matter jurisdiction was denied." Apparently, there was some CT Page 3543 miscommunication regarding the meaning of the decision, which this memorandum is written to correct.
On September 19, 1986, the Court granted plaintiff's ex parte application for a prejudgment attachment against Thomas Theodore's property, including his marital home in Milford. Defendant Thomas Theodore filed his appearance on October 14, 1986. On November 27, 1987 — 13 months later — the defendant transferred to his wife by quitclaim deed his interest in said home.
On December 8, 1987 — two years later — defendant Thomas Theodore filed a motion to dissolve the attachment. At the January 16, 1990 hearing, plaintiff filed a motion to dismiss claiming lack of standing. On January 18, 1990, Anne Theodore, defendant Thomas Theodore's wife, transferred to him a 2 1/2 percent interest in said property. The question is whether defendant Thomas Theodore has standing to challenge the prejudgment attachment in light of the foregoing transfers of interests in the attached property.
The plaintiff asserts that defendant's motion to dissolve the attachment must be dismissed because he did not have any legal interest in the family home at the time the motion to dissolve was filed. The defendant argues that since he now has a 2 1/2 percent interest in the property, he does have standing to be heard on the motion.
 Standing is an examination of the parties, not the merits of the action. . . . Standing is not a matter of constitutional law in Connecticut, but is rather a rule of judicial administration based upon the principle that the appropriate parties to litigate a dispute are those who are injured or about to be injured. The purpose of this requirement is generally said to ensure the existence of that concrete adverseness between the parties that guarantees `that the questions will be framed with the necessary specificity, that the issues will be contested with the necessary adverseness and that the litigation would be pursued with the necessary vigor. . . .'" (citation omitted)
Manchester Environmental Coalition v. Stockton, 184 Conn. 51,64-65 (1981).
This Court agrees with the defendant that he does have standing to proceed with his motion to dissolve the attachment in this case. The Court finds that the CT Page 3544 defendant's present ownership interest confers upon him the requisite concrete adverseness and other requirements of standing. In addition, the Court finds that the defendant's equitable interests in the marital home qualifies his standing. Furthermore, . . .
 [t]he lien by attachment in this state bears a very strong resemblance to the lien created at common law by a judgment.
Hunt v. Mansfield, 31 Conn. 488, 491 (1863).
The grantee ". . . sits in the seat of the grantor and must take all of his equitable burdens. Id.
For the foregoing reasons, the motion to dismiss is denied.
CLARANCE J. JONES, Judge